[Cite as *State v. Redding*, 2011-Ohio-5390.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96121

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELEXIS REDDING

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539460

**BEFORE:**   Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 20, 2011

**ATTORNEY FOR APPELLANT**

Timothy R. Sterkel
1414 South Green Road
Suite 310
Cleveland, Ohio 44121


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Carl Sullivan
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1}  Defendant-appellant, Elexis Redding ("Redding"), appeals his felonious assault conviction and sentence.  We find some merit to the appeal and affirm the conviction but remand the case for a limited hearing on court costs.

{¶ 2}  Redding was charged with felonious assault in violation of R.C. 2903.11(A)(1), with a pregnant victim specification, and domestic violence.  After several pretrials, the parties reached a plea agreement in which the state agreed to nolle

the pregnant victim specification and the domestic violence charge in exchange for Redding's guilty plea to felonious assault. At the plea hearing, the court conducted a thorough Crim.R. 11 colloquy to ensure that he was entering his plea knowingly, voluntarily, and intelligently, and Redding pled guilty to felonious assault.

{¶ 3} Following the plea, Redding's counsel advised the court that he had previously represented the victim's brother for a misdemeanor but did not realize the connection to this client until the morning of the plea hearing. Defense counsel further advised the court that he had shared the information with Redding's mother and informed Redding shortly before the plea hearing. After questioning Redding to determine whether he understood the potential conflict of interest, the court was satisfied that Redding knowingly entered his plea and, therefore, the court concluded the plea hearing.

{¶ 4} At a later date, the court sentenced Redding to a four-year prison term and three years of postrelease control. Redding now appeals, raising two assignments of error.

Ineffective Assistance of Counsel

{¶ 5} In the first assignment of error, Redding argues he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel had a conflict of interest. He contends that counsel's previous representation of the victim's brother in Parma Municipal Court adversely affected his performance.

{¶ 6} To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and

that prejudice arose from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that, but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland* at 696; *Bradley* at paragraph three of the syllabus.

{¶ 7} Counsel may be ineffective if his representation is divided by clients with competing interests. The Sixth Amendment to the United States Constitution guarantees that representation shall be free from conflicts of interest. *State v. Dillon*, 74 Ohio St.3d 166, 1995-Ohio-169, 657 N.E.2d 273. In *State v. Gillard*, 78 Ohio St.3d 548, 1997-Ohio-183, 679 N.E.2d 276, the Ohio Supreme Court recognized that

> "where a trial court knows or reasonably should know of an attorney's possible conflict of interest in the representation of a person charged with a crime, the trial court has an affirmative duty to inquire whether a conflict of interest actually exists. The duty to inquire arises not only from the general principles of fundamental fairness, but from the principle that where there is a right to counsel, there is a correlative right to representation free from conflicts of interest."

{¶ 8} In order to establish a Sixth Amendment violation due to a conflict of interest, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan* (1980), 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333. "An actual conflict of interest exists if, during the course of the representation, the defendants' interests * * * diverge with respect to a material factual or legal issue or to a course of action * * *."

*State v. Rogers* (Mar. 23, 1994), Adams App. No. 548 (discussing joint representation of criminal defendants). A potential conflict of interest exists "* * * where the 'interests of the defendants may diverge at some point so as to place the attorney under inconsistent duties.'" *Gillard* at 552, quoting *Dillon* at 168. In other words, a lawyer represents conflicting interests "when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose." Id. citing *State v. Manross* (1988), 40 Ohio St.3d 180, 182, 532 N.E.2d 735.

{¶ 9} We find no actual or potential conflict of interest interfered with trial counsel's effective representation of Redding. Trial counsel indicated that his representation of the victim's brother involved a misdemeanor in the Parma Municipal Court that concluded approximately two years prior to his representation of Redding. Counsel did not remember the prior case or make the connection between the victim and his former client until the day of the plea hearing after the plea agreement had been reached. It therefore did not affect counsel's judgment in advising Redding to accept the plea offer. The court also determined, after thorough questioning, that Redding understood the nature of the potential conflict of interest and affirmed that he was nonetheless satisfied with counsel's representation.

{¶ 10} Moreover, we find nothing to suggest that counsel's representation of the victim's brother required counsel to oppose Redding's interests in this case. Therefore,

counsel was not affected by any conflict of interest, and Redding would have pled guilty even if counsel had never represented the victim's brother.

{¶ 11} Accordingly, the first assignment of error is overruled.

## Court Costs

{¶ 12} In his second assignment of error, Redding argues that the trial court erred when it imposed court costs in the sentencing journal entry without first orally addressing court costs at his sentencing hearing.   The State concedes this issue.

{¶ 13} R.C. 2947.23(A)(1) provides that "[i]n all criminal cases the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."   In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶22, the Ohio Supreme Court held it is reversible error for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing.   The court explained that although the error does not void the defendant's sentence, the defendant has been harmed because the trial court's failure to mention court costs during sentencing denied him the opportunity to claim indigency and seek waiver of the payment of the costs.   Id. Therefore, the court remanded the matter to the trial court to allow the defendant to move for a waiver of the payment of court costs.   Id. at ¶23.

{¶ 14} The State concedes the trial court failed to impose court costs during Redding's sentencing. Accordingly, we reverse the trial court's judgment as to costs and remand the case to the trial court for a limited hearing on court costs.

{¶ 15} Accordingly, we sustain Redding's second assignment of error.

Judgment affirmed in part and reversed in part.

Case remanded for the limited purpose of a hearing on costs.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR