[Cite as *State v. Jones*, 2013-Ohio-3784.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 8-12-16

    v.

TERRY A. JONES,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. 11-12-0253

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: September 3, 2013

APPEARANCES:

    *Marc S. Triplett* **for Appellant**

    *William T. Goslee* **for Appellee**

**WILLIAMOWSKI, J.**

{¶1} Defendant-appellant Terry A. Jones ("Jones") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of two counts of rape and two counts of gross sexual imposition. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On December 13, 2011, the Logan County Grand Jury indicted Jones for two counts of rape in violation of R.C. 2907.02(A)(1)(b), both felonies of the first degree, two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), both felonies of the third degree, and one count of importuning in violation of R.C. 2907.07(A), a felony of the third degree. Jones entered pleas of not guilty to all counts on December 16, 2011. The victim in this case was a child under the age of ten. On July 31, 2012, Jones filed a motion to determine the competency of the victim to testify. The State filed a motion on August 2, 2012, to allow the victim to testify remotely rather than requiring her to be in the courtroom with Jones. On August 8, 2012, the trial court held a hearing on both of these motions. The trial court granted the State's motion to allow the victim to testify via closed circuit video. The trial court denied Jones' motion to exclude the testimony of the victim, finding her competent to testify.

{¶3} A jury trial was held on August 14-15, 2012. At the conclusion of the State's case-in-chief, Jones made a Criminal Rule 29 motion to dismiss. The trial

court granted the motion as to the importuning charge. The jury subsequently returned a verdict of guilty on all remaining charges. On September 24, 2012, the trial court held a sentencing hearing. The trial court ordered Jones to serve ten years to life in prison on each of the rape charges and three years in prison on each of the gross sexual imposition charges. All four sentences were ordered to be served concurrently for a total prison term of ten years to life. Jones appeals from this judgment and raises the following assignments of error.

### First Assignments of Error

**The trial court abused its discretion when it found the [victim] was competent to testify.**

### Second Assignment of Error

**The trial court erred when it permitted the [victim] to testify outside the presence of [Jones] and the jury.**

### Third Assignment of Error

**The trial court erred when it imposed costs and additional fees in its sentencing entry.**

{¶4} In the first assignment of error Jones claims that the trial court erred by finding the nine-year-old victim competent to testify. Generally, children under the age of ten years of age are considered incompetent to testify if they "appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." Evid.R. 601(A). "[T]he responsibility of the trial judge is to determine through questioning whether

the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them." *State v. Frazier*, 61 Ohio St.3d 247, 251 (1991). The determination of competency is left to the sound discretion of the trial court. *Id.* However, the Ohio Supreme Court has articulated five factors that a trial court must consider. *Id.* "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." *Id.* at 251. "A child may be competent to testify even though the child is unable to recollect some facts or initially does not recognize the concept of truth, so long as other answers demonstrate that the child can perceive and recall generally and understands the concept of truthfulness." *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶76.

{¶5} Jones in this case filed a motion challenging the competency of the victim. He then submitted questions to be asked of the victim. A review of the record shows that the trial court held an in camera interview with the victim in this case. The trial court asked the victim several questions, many of which were leading. The victim responded appropriately to those questions. The trial court's

questions revealed that the victim was oriented as to time and place. She knew her family, who she lived with, all of the parties, and why she was there. The trial court specifically asked the victim about telling the truth and she indicated that she would "get in trouble" for telling a lie. The victim was also able to nod when asked if Jones had engaged in a "bad touch" with her. When the victim did not know the answer to a question, she admitted as much. Following the interview, the trial court made the following statements in open court.

> **The Court conducted an in-chambers interview with the child. That both attorneys were there, the child's father. It was on the record. Mr. Triplett submitted some questions. I think the Court – his questions were brief, and the Court's were too. I thought – the child was nine years old, one year away from the age of presumed competency. I thought she was intelligent. She could tell me what grade she was going into. She said math was her favorite subject. She knew who she was living with. She knew the accused. She was, as most children I think of that age would be, was embarrassed to tell what happened to her, but with the Court's leading she said the defendant engaged in bad touches with her. I think this child is competent. The Court so finds.**

Aug. 8, 2012, Tr. 42.

{¶6} There is no question that the trial court's questioning of the witness was not ideal. A better example of the type of questions which should be asked in a competency *voir dire* can be seen in *State v. Tebelman*, 3d Dist. No. 12-09-01, 2010-Ohio-481. In *Tebelman*, the trial court asked multiple, non-leading questions concerning the difference between the truth and a lie to show that the

child understood the difference. *Id*. at 19. The trial court expounded on what would happen if there was a lie told and what it meant to tell a lie. *Id.* The trial court asked open-ended questions about why the child was in the courtroom and what happened. The child was required to answer questions with more than a yes or no and with more than a shake of the head. This provided the court with a clear indication that the child victim in *Tebelman* was competent to testify.

**{¶7}** Here, the trial court did not engage in an extensive *voir dire* of the witness. However, although Jones argues that the trial court erred in finding the victim competent, he does not argue that the victim is actually incompetent to testify.[1] Interestingly enough, if this court were to sustain the assignment of error and remand this matter for a new trial, the victim would be over the age of ten and would be presumed competent to testify, no competency hearing would be required. In addition, the doctor was permitted to testify as to what the victim had told her had happened. The nurse testified that the victim told her that Jones had hurt her "private" and testified to the report that the victim had made to her regarding the conduct of Jones. The victim's sister also testified to what she observed in the room when Jones would climb into bed with the victim. Thus, Jones has not shown that the error is prejudicial in any way. Given all of this additional testimony, there was no prejudice arising from the testimony of the

---

[1] The victim did testify and was able to relate what happened to the jury without the use of leading questions.

victim. Without a showing of prejudicial error, the first assignment of error is overruled.

{¶8} In the second assignment of error, Jones claims that the trial court erred by allowing the victim to testify via closed circuit video. A review of the record shows that Jones did not object to the victim testifying by closed circuit video at the time of trial. Thus, the second assignment of error will be reviewed under a plain error standard. *State v. McConnell*, 2d Dist. No. 19993, 2004-Ohio-4263. The use of closed circuit video is governed by R.C. 2945.481.

> **(C) In any proceeding in the prosecution of any charge of a violation [of R.C. 2907.02 or R.C. 2907.05] \* \* \* in which an alleged victim of the violation or offense was a child who was less than thirteen years of age when the complaint, indictment, or information was filed, whichever occurred earlier, the prosecution may file a motion with the judge requesting the judge to order the testimony of the child victim to be taken in a room other than the room in which the proceeding is being conducted and be televised, by closed circuit equipment, into the room in which the proceeding is being conducted to be viewed by the jury, if applicable, the defendant, and any other persons who are not permitted in the room in which the testimony is to be taken but who would have been present during the testimony of the child victim had it been given in the room in which the proceeding is being conducted. \* \* \* The judge may issue the order upon the motion of the prosecution filed under this section, if the judge determines that the child victim is unavailable to testify in the room in which the proceeding is being conducted in the physical presence of the defendant, for one or more of the reasons set forth in division (E) of this section. \* \* \* The defendant shall be permitted to observe and hear the testimony of the child victim giving the testimony on a monitor, shall be provided with an electronic means of immediate communication with the defendant's attorney during**

**the testimony, and shall be restricted to a location from which the defendant cannot be seen or heard by the child victim giving the testimony, except on a monitor provided for that purpose. The child victim giving the testimony shall be provided with a monitor on which the child victim can observe, during the testimony, the defendant.**

**\* \* \***

**(E) For purposes of [division C], a judge may order the testimony of a child victim to be taken outside the room in which the proceeding is being conducted if the judge determines that the child victim is unavailable to testify in the room in the physical presence of the defendant due to one or more of the following:**

**(1)   The persistent refusal of the child victim to testify despite judicial requests to do so;**

**(2)   The inability of the child victim to communicate about the alleged violation or offense because of extreme fear, failure of memory, or another similar reason;**

**(3)   The substantial likelihood that the child victim will suffer serious trauma from so testifying.**

R.C. 2945.481.  In order to allow the use of the closed circuit video for testimony, the trial court must find at least one of the statutory factors applies.  *McConnell, supra.*

{¶9} Here, there is no allegation that the victim would refuse to testify unless it was via closed circuit video, so the first factor does not apply.  The victim's counselor testified that the victim could potentially suffer emotional harm by being forced to testify in the same room.  The counselor talked about what

possibly could happen in that a child might regress, or could experience fear. However, the counselor did not testify as to the probabilities that the child would suffer serious trauma or that the child would be unable to communicate. The counselor's testimony was that these things might happen, turning a probability into a possibility. A mere possibility of something happening is not sufficient to satisfy the statutory requirements. *Id.* However, since there was no objection, the question is whether the error of allowing the victim to testify via closed circuit video would change the outcome. Jones has not shown that the outcome would be different had the victim testified in the courtroom. Thus, there is no plain error. The second assignment of error is overruled.

{¶10} Finally, Jones claims that the trial court erred by imposing court costs and fees in its sentencing entry when they were not stated at the sentencing hearing. The State concedes that this was an error. Pursuant to the holding of Ohio Supreme Court in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, and this court in *State v. Risner*, 3d Dist. No. 8-12-02, 2012-Ohio-5954, we find that the trial court erred by imposing sanctions in the sentencing entry without informing Jones of them at the sentencing hearing. Thus, the matter must be remanded to the trial court for the limited purpose of informing Jones of these sanctions and allowing him to address them in open court. *Joseph, supra* and *Risner, supra*. The third assignment of error is sustained.

{¶11} The judgment of the Court of Common Pleas of Logan County is affirmed in part and reversed in part. The matter is remanded for further proceedings in accord with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**SHAW, J., concurs.**
**ROGERS, J., concurs in Judgment Only as to**
  **Assignments of Error No. 1 and No. 2.**

**/jlr**