[Cite as *State v. Bishop*, 2014-Ohio-1797.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                :

    Plaintiff-Appellee,                   :                    CASE NO.   CA2013-06-098

    - vs -                                          :                    <u>O P I N I O N</u>
                                                                          4/28/2014
                                                   :

CHRISTOPHER L. BISHOP,                 :

    Defendant-Appellant.              :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-05-0700


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Christopher Bishop, appeals a decision of the Butler County Court of Common Pleas denying his request to waive court costs.

{¶ 2}   A jury found Bishop guilty of illegal assembly or possession of chemicals for the manufacture of drugs, as well as a related complicity charge.  After merging the counts, the trial court imposed a four-year sentence, and also ordered Bishop to pay a mandatory fine of

$7,500.

{¶ 3} Bishop appealed his conviction and sentence to this court. Through an accelerated judgment entry, this court affirmed Bishop's conviction and sentence, but reversed the trial court's order regarding court costs because the trial court did not abide by the mandates set forth in R.C. 2947.23. In the entry, this court stated, "we reverse the portion of the trial court's judgment imposing court costs on Bishop * * * and remand this cause to the trial court for the limited purpose of imposing court costs in accordance with R.C. 2947.23, and advising Bishop that jury fees are included in costs and community service can be imposed if he fails to pay court costs." *State v. Bishop*, 12th Dist. Butler No. CA2012-09-186 (May 6, 2013) (Accelerated Calendar Judgment Entry).

{¶ 4} Upon remand, the trial court held a resentencing hearing. Moments before the hearing began, an attorney, who had been at the court on another matter, offered to step in and assist Bishop during the hearing. Bishop's counsel made reference during the hearing to Bishop having filed a motion with the trial court regarding the court cost issue, but did not know exactly what the motion referenced. However, neither the state nor the trial court ever received a copy of that motion, and Bishop did not have a copy of the motion with him at the hearing. Given the lack of a motion, the trial court moved forward with resentencing and informed Bishop of the jury fee, as well as the statutory provision regarding the imposition of community service upon nonpayment of the costs. Bishop now appeals the trial court's resentencing, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED WHEN IT FAILED TO DETERMINE MR. BISHOP'S ABILITY TO PAY COURT COSTS.

{¶ 6} Bishop argues in his assignment of error that the trial court erred by not addressing his motion to waive court costs.

{¶ 7} As previously stated, this court remanded on the issue of compliance with R.C.

- 2 -

2947.23 because the trial court did not assess costs and inform Bishop that he would be ordered to perform community service if he was unable to pay the costs. In our judgment entry, this court ordered the trial court to impose "court costs in accordance with R.C. 2947.23."[1]

{¶ 8} Specific to the version of R.C. 2947.23 in place at the time of Bishop's sentencing, a trial court errs by failing to orally inform the defendant during the sentencing hearing that he will be subject to the mandates set forth in R.C. 2947.23. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. The *Joseph* court considered that "waiver of costs is permitted" if the defendant is indigent, even though the statute requires a court to assess the fees. *Id.* at ¶ 11. For this reason, the *Joseph* court determined that R.C. 2947.23 (as it existed at that time) required a trial court to orally address the mandates of R.C. 2947.23 in order to provide the defendant an opportunity to move the court to waive the fees. *Id.* at ¶ 12.

{¶ 9} The *Joseph* court further concluded that a motion by an indigent defendant asking the court to waive "payment of costs must be made at the time of sentencing." *Id.* If the defendant makes the motion, the trial court should rule on it, and if the defendant fails to make the motion, then the issue is waived and the issue of costs is res judicata. *Id.*

{¶ 10} During the resentencing hearing, Bishop's counsel asked the trial court to address the pro se motion Bishop filed asking that court costs be waived. However, the trial court stated that neither it nor the state had been provided a copy of the motion. The trial court noted that in the absence of a motion to waive court costs, it would not rule upon the issue, and instead, proceeded to inform Bishop of the costs and possibility of community

---

1. This court is aware that R.C. 2947.23 was amended on March 22, 2013 to require a trial court to inform the defendant of the mandates only if the judge imposes a community control sanction or other nonresidential sanction. However, Bishop was first sentenced in 2012, before the effective date of the amendment so that the trial court was still under an obligation to inform Bishop of the R.C. 2947.23 mandates at the time of sentencing.

service.

**{¶ 11}** A review of the record indicates that Bishop filed his motion, and that such was file-stamped by the clerk as having been filed in both the common pleas court and this court on May 24, 2013, five days before Bishop was resentenced. Therefore, the trial court should have addressed Bishop's motion to waive the court costs.[2] However, a review of the record indicates that the trial court did not have access to the properly-filed motion because the motion was never properly *docketed* in the trial court and physically placed in the common pleas court file. Rather, the motion was placed in the file jacket of appellant's prior appeal in Case No. CA2012-09-186 Because of this clerical oversight, Bishop's motion was left unaddressed by the trial court.

**{¶ 12}** Through no fault of its own, the trial court did not have before it Bishop's motion to waive the fees at the sentencing hearing. Nonetheless, and because the motion was properly pending at the time of sentencing, the trial court must address the motion and either deny or grant Bishop's request to waive the court costs in accordance with R.C. 2947.23.

**{¶ 13}** Accordingly, and based on the unique facts and circumstances of this case, we reverse the trial court's decision and remand for the limited purpose of imposing court costs in accordance with R.C. 2947.23.

**{¶ 14}** Judgment reversed and remanded for further proceedings.

RINGLAND, P.J., and HENDRICKSON, J., concur.

---

2. While Bishop intimated during his resentencing hearing that he wanted his $7,500 mandatory fine waived, his pro se motion was specific to the costs associated with R.C. 2947.23. R.C. 2947.23 expressly sets forth the trial court's duty to impose *court costs*, including jury fees, but is not pertinent to the issue of *mandatory fines*. Furthermore, the limited issue on remand pertained only to the R.C. 2947.23 court costs, and the remand did not in any way implicate the mandatory fine.