[Cite as *State v. Worley*, 2014-Ohio-2465.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 BE 8 |
| V. | ) | |
| | ) | OPINION |
| JOHNNY J. WORLEY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:   Criminal Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 08CR037

JUDGMENT:   Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee   Christopher Berhalter
Prosecutor
Helen Yonak
Assistant Prosecutor
147-A West Main St.
St. Clairsville, Ohio 43950

For Defendant-Appellant   Attorney Peter Galyardt
Asst. State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: June 2, 2014

DONOFRIO, J.

**{¶1}** Defendant-appellant Johnny J. Worley appeals his sentence entered in the Belmont County Common Pleas Court for sexual battery.

**{¶2}** On March 31, 2008, Worley waived indictment and pleaded guilty to a bill of information containing one count of sexual battery in violation of R.C. 2907.03(A)(5), a second-degree felony, and was remanded to the county jail awaiting sentencing. Twenty-eight days later at the April 28, 2008 sentencing hearing, the trial court sentenced Worley to a seven-year term of imprisonment, noting the seriousness of the crime and the harm to the two-year-old victim, and designated Worley as a Tier III sex offender. The court made no mention of court costs or jail-time credit. In its May 20, 2008 sentencing entry, the court again designated Worley a Tier III sex offender. The court again failed to mention jail-time credit, but this time did assess court costs of $331.

**{¶3}** On August 2, 2013, this court granted Worley's motion for delayed appeal and later appointed him appellate counsel.

**{¶4}** Worley raises four assignments of error. Worley's first assignment of error states:

The trial court violated Johnny Worley's constitutional right to be free from retroactive laws. Section 28, Article II, Ohio Constitution. Sentencing Tr. 5-7; May 20, 2008 Nunc Pro Tunc Journal Entry.

**{¶5}** As indicated, the trial court designated Worley as a Tier III sex offender. This would have been done pursuant to the current version of R.C. Chapter 2950, 2007 Am.Sub.S.B. No. 10 (S.B. 10), Ohio's version of the federal Adam Walsh Act.

**{¶6}** Worley cites to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, syllabus, where it held that "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, 109 Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." Here, Worley's offense occurred prior to the January 1, 2008 enactment of S.B. 10. Therefore,

Worley contends the trial court's classification of him as a Tier III sex offender should be vacated and the case remanded to the trial court for classification under the law at the time he committed the offense. In response, the state agrees.

{¶7} The Ohio Supreme Court was asked to decide whether S.B. 10 was unconstitutionally retroactive when it was applied to an offender who committed a sex crime about one month prior to the enactment date of S.B. 10. *Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. In response to that question, the Ohio Supreme Court held that S.B. 10 is punitive in nature. *Id.* at ¶ 15, 952 N.E.2d 1108. "The statutory scheme has changed dramatically since this court described the registration process imposed on sex offenders as an inconvenience 'comparable to renewing a driver's license.' [*State v. Cook* (1998), 83 Ohio St.3d 404, 409, 418, 700 N.E.2d 570]. And it has changed markedly since this court concluded in [*State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, 896 N.E.2d 110] that R.C. Chapter 2950 was remedial." *Id.* Senate Bill 10 has imposed new or additional burdens, duties, obligations, or liabilities as to a past transaction. *Id.* at ¶ 21. Thus, the Court held that applying S.B. 10 to any sex offender who committed an offense prior to its enactment violates Section 28, Article II of the Ohio Constitution, the prohibition against the enactment of retroactive laws. *Id.*

{¶8} Here, Worley committed the sexual assault in 2007, prior to the January 1, 2008 enactment date of Senate Bill 10. Accordingly, Senate Bill 10 cannot retroactively be applied to him. At the time of the commission of the sex crime Senate Bill 5, Megan's Law, was applicable. Accordingly, Worley must be classified under Senate Bill 5, not Senate Bill 10.

{¶9} Accordingly, Worley's first assignment of error has merit.

{¶10} Worley's second assignment of error states:

> The trial court violated Johnny Worley's constitutional right to equal protection when it did not grant him 28 days of jail-time credit. Fourteenth Amendment, United States Constitution; Section 16, Article

I, Ohio Constitution. Plea Hearing Tr. 9; Sentencing Tr. 1-9; May 20, 2008 Nunc Pro Tunc Journal Entry.

{¶11} Worley argues that the trial court did not give him jail-time credit for the 28 days he served in jail between the time he pleaded guilty and the time he was sentenced. In response, the state agrees, characterizing it as an oversight on the part of the sentencing court.

{¶12} A defendant is entitled by law to have credited to his sentence of incarceration the number of days that he was confined prior to conviction and sentence. R.C. 2949.08(C)(1). The Ohio Supreme Court has also held that "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶13} Here, it is clear from the record that the trial court did not give Worley credit for the 28 days he served in jail between his conviction and sentence.

{¶14} Accordingly, Worley's second assignment of error has merit.

{¶15} Worley's third assignment of error states:

> The trial court committed plain error by imposing court costs in the sentencing entry but not at the sentencing hearing. R.C. 2947.23; *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 1; Crim.R. 52(B). Sentencing Tr. 1-9; May 20, 2008 Nunc Pro Tunc Journal Entry.

{¶16} Worley argues that the trial court violated his statutory right that court costs be imposed at the sentencing hearing when it did not impose such costs at his sentencing hearing but did in its sentencing entry. Worley asks this court to remand for a hearing concerning costs to afford him the opportunity to seek waiver of them. In response, the state agrees.

**{¶17}** In *State v. Joseph,* 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that it is reversible error under Crim.R. 43(A) for the trial court to impose court costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id.* at ¶ 22. The court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id.* The remedy in such a situation is a limited remand to the trial court for the defendant to seek a waiver of court costs. *Id.* at ¶ 23.

**{¶18}** In this case, it is clear that the trial court did not address court costs at Worley's sentencing hearing, but did assess them in its judgment entry of sentence.

**{¶19}** Accordingly, Worley's third assignment of error has merit.

**{¶20}** Worley's fourth and final assignment of error states:

> Johnny Worley was deprived of his constitutional right to the effective assistance of counsel. Fifth, Sixth, and Fourteenth Amendments, United State Constitution; Sections 10 and 16, Article I, Ohio Constitution. Sentencing Tr. 1-9.

**{¶21}** Under this assignment of error, Worley argues that he received ineffective assistance of trial counsel by his trial counsel's failure to inform the trial court of its failure to give him jail-time credit for the 28 days he served between his conviction and sentence. In response, the state contends that Worley was not deprived effective assistance of trial counsel by that counsel's failure to request jail-time credit. The state contends that jail-time credit is an "automatic computation" usually handled by the sentencing court and entered by the court in its sentencing entry, but that in this instance the omission was simply an oversight. The state argues that if Worley would have brought it to the attention of his trial counsel, his trial counsel would have notified the sentencing court and it would have corrected the entry to properly reflect Worley's jail-time credit.

**{¶22}** This court has found merit to Worley's first three assignments of error, including Worley's second assignment of error concerning jail-time credit. Because this court's resolution of that error necessitates remand to the trial court to correct the error, Worley will not have suffered any resulting prejudice.

**{¶23}** Accordingly, Worley's fourth assignment of error has been rendered moot. App.R. 12(A)(1)(c).

**{¶24}** The judgment of the trial court is reversed and remanded in three respects: (1) the trial court's classification of Worley as a Tier III sex offender is reversed and the case remanded to the trial court to classify Worley pursuant to the law that existed at the time he committed his offenses which was Senate Bill 5, Megan's Law, R.C. Chapter 2950; (2) the matter is remanded to the trial court for it to give Worley 28-days credit for the time Worley served in jail between his conviction and sentence; and (3) that portion of the trial court's judgment imposing court costs is reversed and the matter remanded to allow Worley the opportunity to move the court for a waiver of payment of court costs.

Waite, J., concurs.

DeGenaro, P.J., concurs.