THE STATE OF OHIO, APPELLEE, *v*. JOSEPH, APPELLANT.

[Cite as *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954.]

*Criminal procedure — R.C. 2947.23 — Failure to inform defendant orally at sentencing hearing of imposition of court costs — Remand.*

(Nos. 2008-0711 and 2008-1005 — Submitted March 11, 2009 — Decided March 18, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Allen County, No. 1-07-50, 2008-Ohio-1138.

_____

PFEIFER, J.

{¶ 1} In this case, we address the issue of whether a trial court may impose court costs pursuant to former R.C. 2947.23 in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. We hold that a court errs in imposing court costs without so informing a defendant in court but that the error does not void the defendant's entire sentence. Instead, upon remand, the trial court must address the defendant's motion for waiver of payment of court costs.

**Factual and Procedural Background**

{¶ 2} Defendant-appellant, Richard E. Joseph, was convicted of the aggravated murder of Ryan Young in 1991. He was sentenced to death. His conviction and sentence were affirmed by the Allen County Court of Appeals in *State v. Joseph* (Dec. 23, 1993), Allen App. No. 1-91-11, 1993 WL 531858, and by this court in *State v. Joseph* (1995), 73 Ohio St.3d 450, 653 N.E.2d 285. The United States Supreme Court denied Joseph's petition for a writ of certiorari. *Joseph v. Ohio* (1996), 516 U.S. 1178, 116 S.Ct. 1277, 134 L.Ed.2d 222.

{¶ 3}  Joseph's attempt at state postconviction relief was unsuccessful. *State v. Joseph* (July 17, 1997), Allen App. No. 1-96-90, 1997 WL 404252 (affirming denial of relief); discretionary appeal not accepted, *State v. Joseph* (1997), 80 Ohio St.3d 1449, 686 N.E.2d 276.  Joseph then filed a petition for a writ of habeas corpus in the federal district court, asserting 20 claims for relief. The district court found merit in four of those claims. *Joseph v. Coyle* (Dec. 22, 2004), N.D.Ohio No. 1:98 CV 527.  The district court issued the following order:

{¶ 4}  "[T]his Court issues a writ of habeas corpus ordering that Mr. Joseph's death sentence be set aside and that he be re-sentenced according to the statutory guidelines for aggravated murder in the absence of a capital specification, as set forth in O.R.C. § 2929.03(A), which mandates a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment."

{¶ 5}  Joseph appealed the district court's judgment regarding his conviction; the state cross-appealed the district court's grant of the writ of habeas corpus.  On November 9, 2006, the Sixth Circuit Court of Appeals affirmed the district court. *Joseph v. Coyle* (C.A.6, 2006), 469 F.3d 441.  The United States Supreme Court declined to review the appellate court's decision. *Houk v. Joseph* (2007), 549 U.S. 1280, 127 S.Ct. 1827, 167 L.Ed.2d 321.

{¶ 6}  Finally, the matter returned to the trial court for resentencing.  On June 6, 2007, the common pleas court held a sentencing hearing wherein it sentenced Joseph to life in prison with eligibility for parole after 20 years.  On June 14, 2007, the trial court filed its judgment entry.  In that entry, the trial court imposed court costs on Joseph; however, the court had not mentioned court costs during the sentencing hearing.

{¶ 7}  Joseph appealed the sentence to the Third District Court of Appeals, arguing that the trial court had erred when it included a punishment, court costs, in the written entry that it had not imposed from the bench at the

sentencing hearing. The appellate court sustained the judgment of the trial court, holding that "a trial court is not required to orally address a defendant at the sentencing hearing to inform him that he is required by R.C. 2947.23 to pay for the costs of prosecution." *State v. Joseph*, 2008-Ohio-1138, ¶ 9, citing *State v. Ward*, 3d Dist. No. 8-04-27, 2004-Ohio-6959, ¶ 16.

{¶ 8} This cause is before this court upon the acceptance of a discretionary appeal and upon the certification of a conflict between the judgment of the appellate court in this case and the judgments rendered in *State v. Peacock*, 11th Dist. No. 2002-L-115, 2003-Ohio-6772; *State v. Smoot*, 10th Dist. No. 05AP-104, 2005-Ohio-5326; and *State v. Tripplett*, 8th Dist. No. 87788, 2007-Ohio-75. This court ordered briefing on the following issue: "May a trial court impose court costs pursuant to R.C. 2947.23 in its sentencing entry, when it did not impose those costs in open court at the sentencing hearing?"

### Law and Analysis

{¶ 9} At the time of Joseph's trial, former R.C. 2947.23 provided:

{¶ 10} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. If a jury has been sworn at the trial of a case, the fees of the jurors shall be included in the costs, which shall be paid to the public treasury from which the jurors were paid." 1953 H.B. No. 1.

{¶ 11} Despite the fact that former R.C. 2947.23 (like current R.C. 2947.23(A)) requires a judge to assess costs against all convicted criminal defendants, this court has held that "waiver of costs is permitted — but not required — if the defendant is indigent." *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. The court arrived at that conclusion in *White* by reading R.C. 2947.23 in pari materia with R.C. 2949.092, which states that certain additional court costs associated with R.C. 2949.092 may be waived only if "the court determines that the offender is indigent and the court waives the

payment of all court costs imposed upon the offender." That is, despite the mandatory language of former R.C. 2947.23 requiring the imposition of court costs, a trial court may waive the *payment* of costs. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 4.

{¶ 12} This court has held that a motion by an indigent criminal defendant to waive payment of costs must be made at the time of sentencing. *State v. Threatt,* 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus. The court stated in *Threatt*, "If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id. at ¶ 23.

{¶ 13} Here, Joseph was not given an opportunity at the sentencing hearing to seek a waiver of the payment of costs, because the trial court did not mention costs at the sentencing hearing. Joseph argues that the court's failure to orally inform him of court costs is akin to a court's failure to alert a defendant at his sentencing hearing to the court's imposition of postrelease control. When postrelease control is statutorily mandated–thus leaving no discretion with the trial judge in regard to its imposition–we have held that failure of the judge to notify the defendant on the record regarding postrelease control results in a void sentence, necessitating complete resentencing. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.

{¶ 14} This court's decision in *Simpkins* finds its roots in *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. In *Jordan*, this court pointed to the trial court's statutory duty to authorize the executive branch to exercise postrelease control in holding that the failure to mention postrelease control in a sentencing hearing results in a void sentence. Id. at ¶ 22. First, this court noted that postrelease-control statutes leave no discretion with the trial court – the trial court *must* impose postrelease control:

**{¶ 15}** "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law." Jordan, ¶ 23.

**{¶ 16}** Second, without the trial court's proper imposition of postrelease control, the Adult Parole Authority remains powerless to implement it. Thus, there is a basis in the separation of powers for the mandatory nature of the trial court's imposition of postrelease control:

**{¶ 17}** "In *Woods v. Telb* [2000]*,* 89 Ohio St.3d 504, 733 N.E.2d 1103, we detailed the constitutional significance of a trial court including postrelease control in its sentence. We stated that because the separation-of-powers doctrine precludes the executive branch of government from impeding the judiciary's ability to impose a sentence, the problem of having the Adult Parole Authority impose postrelease control at its discretion is remedied by a trial court incorporating postrelease control into its original sentence. Id. at 512-513, 733 N.E.2d 1103. Consequently, unless a trial court includes postrelease control in its sentence, the Adult Parole Authority is without authority to impose it. See id." *Jordan* at ¶ 19.

**{¶ 18}** The concerns addressed by this court in *Jordan* in regard to postrelease control are absent from this case in regard to court costs. There is a significant difference between postrelease control and court costs in regard to the duty of the trial court. Simply, the trial court has the power to waive the payment of court costs; the court does not have the power to waive the imposition of postrelease control. While the imposition of court costs is mandatory, the court's waiver of payment remains discretionary. The trial court does not act outside of its jurisdiction when it fails to require payment of court costs.

**{¶ 19}** Further, there are no implications or effects upon the powers of other branches of government when a trial court fails to impose court costs. No other entity derives its jurisdiction from the court's imposition of costs.

**{¶ 20}** The other important distinction is in the very nature of court costs. This court has held that costs are distinct from criminal punishment. "[A]lthough costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 15. This court has held that "[t]he duty to pay court costs is a civil obligation arising from an implied contract." *Strattman v. Studt* (1969), 20 Ohio St.2d 95, 49 O.O.2d 428, 253 N.E.2d 749, paragraph six of the syllabus. That court costs are a civil obligation is true in both criminal and civil cases: "By being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment. A judgment for costs in a criminal case is a civil, not a criminal, obligation, and may be collected only by the methods provided for the collection of civil judgments." Id.

**{¶ 21}** The civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does. Nor does the failure to inform a defendant orally of court costs affect another branch of government. It affects only the court and the defendant.

**{¶ 22}** While the failure of the court to orally notify Joseph that it was imposing court costs on him does not void Joseph's sentence, it was error: Crim.R. 43(A) states that a criminal defendant must be present at every stage of his trial, including sentencing. The state urges that any error is harmless. However, Joseph was harmed here. He was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court. He should have had that chance.

**{¶ 23}** We therefore remand the cause to the trial court for the limited purpose of allowing Joseph to move the court for a waiver of the payment of court

costs. Should Joseph file such a motion, the court should rule upon it within a reasonable time.

**{¶ 24}** Accordingly, we affirm the judgment of the court of appeals insofar as it held that Joseph is not entitled to a complete resentencing. We reverse the appellate court's holding that the trial court's failure to mention court costs during the sentencing hearing was not error. We remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part

and reversed in part,

and cause remanded.

MOYER, C.J., and O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, LANZINGER, and DICKINSON, JJ., concur in judgment only.

CLAIR E. DICKINSON, J., of the Ninth Appellate District, sitting for CUPP, J.

_____

**LANZINGER, J., concurring in judgment only.**

**{¶ 25}** I would answer "No" to the certified question: a trial court may not impose court costs pursuant to R.C. 2947.23 in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. I therefore concur with the decision to remand this case to correct the sentencing error by allowing Joseph the opportunity to submit a motion for waiver of payment of costs.

**{¶ 26}** I do not, however, agree with the majority's attempt to insulate this case from the application of this court's misbegotten line of cases that hold that a sentence is void rather than voidable. These cases ignore res judicata and make sentences vulnerable to attack beyond the usual 30-day appeal period. See, e.g., *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 12 (failure to inform defendant of postrelease control renders a sentence void); *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568 (the state is

entitled to a new sentencing hearing in order to impose postrelease control on the defendant after an initial failure to impose postrelease control).

{¶ 27} Joseph makes a plausible argument that error in notifying a defendant of costs should be treated like error in notifying a defendant of mandatory postrelease control. In overly simple terms, he contends that costs are part of a sentence, just as is postrelease control. The parties here agree that court costs *shall* be imposed as part of any sentence pursuant to R.C. 2947.23. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Joseph concludes that because costs must be imposed by the court with every sentence, a court that fails to impose court costs acts without jurisdiction, just as one that fails to impose postrelease control acts without jurisdiction. Thus, Joseph contends that his sentence is void. See *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 14 ("a sentence that does not contain a statutorily mandated term is a void sentence"). Joseph argues that he is entitled to a new sentence because the remedy for a void sentence is total resentencing. See *Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 13 ("the decision to vacate [the] void sentence would require the trial court to resentence [the defendant] *as if there had been no sentence*" [emphasis sic]).

{¶ 28} The majority tries to distinguish between costs and postrelease control and remarks that despite statutory language requiring the imposition of court costs, a trial court may waive payment for an indigent defendant but that the court has no discretion in the imposition of mandatory postrelease control. But the point is that in both situations, the General Assembly has required specific terms to be included within the sentence through mandatory language using the word "shall." Whether the court has discretion to waive payment of costs subsequently under a different statute is another matter. For the purpose of analyzing the court's jurisdiction, I believe that the two sentencing requirements

should be considered analogous in regard to the need to impose them in the presence of the defendant, as required by Crim.R. 43(A).

{¶ 29} I also do not agree that "there are no implications or effects upon the powers of other branches of government when a trial court fails to impose court costs." Majority opinion at ¶ 19. The agencies that derive funding from the imposition of court costs would be surprised at this conclusion. See, e.g., R.C. 2949.093 and 2949.094, which provide funding for criminal justice agency programs through additional court costs imposed upon conviction of specified offenses.

{¶ 30} Furthermore, R.C. 2901.04(A) requires that statutes defining offenses *or penalties* be strictly construed against the state and liberally in favor of the defendant. Both postrelease control and costs are penalties, being sanctions imposed as a consequence of an offense. R.C. 2967.01(O) and 2947.23. If the state does not appeal an erroneous sentence within 30 days, it should not be allowed to turn back the clock, as if the sentence did not occur. Error that is not appealed should not languish in limbo subject to salvation, for this procedure does not "effect the fair, impartial, speedy, and sure administration of justice" that R.C. 2901.04(B) anticipates. I urge reversal of the *Bezak* line of cases, for in making sentences vulnerable to attack beyond the usual 30-day appeal period, it ignores res judicata.

{¶ 31} And so while I agree with the majority that "[t]he trial court does not act outside of its jurisdiction when it fails to require payment of court costs," majority opinion ¶ 18, I would hold that the same is true when the court makes other sentencing errors. My view has always been that all sentencing errors should be corrected on direct appeal. *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 39–51 (Lanzinger, J., dissenting). After the appeal period expires, the sentence should be final and thus one that can be relied upon by the parties. To allow belated collateral attack in addition to appeal undermines

the principles of res judicata. See *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824.

{¶ 32} In short, this case has a sentencing error that should be corrected. The portion of the sentence that was improperly imposed outside the presence of the defendant was error pursuant to Crim.R. 43(A). I concur in judgment only.

LUNDBERG STRATTON and DICKINSON, JJ., concur in the foregoing opinion.

_____

Juergen A. Waldick, Allen County Prosecuting Attorney, and Jana E. Emerick, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Katherine A. Szudy and Randall L. Porter, Assistant Public Defenders, for appellant.

_____