[Cite as *State v. Appleton*, 2012-Ohio-2778.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   97942

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY APPLETON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549478

**BEFORE:**   E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   June 21, 2012

**FOR APPELLANT**

Anthony Appleton, pro se
Inmate #620-123
68518 Bannock Road
P.O. Box 540
St. Clairsville, Ohio   43950-0540


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Louis J. Brodnik
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Anthony Appleton appeals from the judgment of the Cuyahoga County Court of Common Pleas denying his motion to vacate or modify order requiring payment of court costs, fines and/or restitution on January 18, 2012. Appellant argues that the trial court erred in denying his motion because the court failed to address the issue of costs at the time of his sentencing hearing and notify him of the consequences of failing to pay the costs. For the following reasons, we affirm.

{¶2} Appellant was charged in a seven-count indictment on April 21, 2011, with two counts of trafficking in violation of R.C. 2925.03(A)(2), two counts of drug possession in violation of R.C. 2925.11(A), possessing criminal tools in violation of R.C. 2923.24(A), endangering children in violation of R.C. 2919.22(A), and having weapons under disability in violation of R.C. 2923.13(A)(3). The indictment additionally contained several forfeiture specifications, juvenile specifications, firearm specifications and major drug offender specifications.

{¶3} On September 7, 2011, pursuant to a plea agreement, appellant plead guilty to one count of trafficking in violation of R.C. 2925.03(A)(2), amended to reduce the amount of drugs involved to 500 grams or more but less than 1000 grams of cocaine. Additionally, the juvenile and major drug offender specifications were deleted from the count. All remaining counts in the indictment were nolled.

{¶4} The trial court conducted a sentencing hearing on October 6, 2011 and the trial court imposed an agreed seven-year mandatory prison term. The transcript from the hearing reveals that the trial court waived the mandatory minimum fine associated with the offense based upon appellant's representations of indigency. The trial court did not address court costs at the sentencing hearing. Instead the trial court's sentencing journal entry of October 7, 2011, imposed court costs upon the appellant.

{¶5} On January 11, 2012, appellant filed a motion to vacate or modify order requiring payment of court costs, fines and/or restitution. Appellant's motion argued that the trial court failed to notify him of the consequences of failing to pay the court costs judgment. The trial court denied appellant's motion on January 18, 2012 and this appeal was taken.

{¶6} Appellant's sole assignment of error argues that the trial court erred when it overruled his motion to vacate or modify the order requiring payment of court costs, fines and/or restitution.

{¶7} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Supreme Court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. *Id*. at ¶ 22. The court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs before the trial court because the trial court did not mention costs at the sentencing hearing. *Id*. at ¶ 22. The remedy in such a situation is a limited remand to the trial

court for the defendant to seek a waiver of court costs. *Id.* at ¶ 23; *State v. Mays*, 2d Dist. No. 24168, 2012-Ohio-838, ¶ 17.

{¶8} However, as this court noted in *State v. Walker*, 8th Dist. No. 96305, 2011-Ohio-5270,

> *Joseph* was decided in the context of a direct appeal from a resentencing judgment. The Supreme Court said nothing in *Joseph* to suggest that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires. The appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry and the defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding. (Internal citations omitted.) *Id.* at ¶ 10.

{¶9} Appellant did not bring a direct appeal from his sentence, nor did he seek a delayed appeal of his conviction. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, (1967), paragraph nine of the syllabus. Accordingly, this court is barred by the doctrine of res judicata from addressing appellant's present assignment of error.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR