[Cite as *State v. Pettway*, 2013-Ohio-1348.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98836**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY PETTWAY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-498474

**BEFORE:**    Blackmon, J., Stewart, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    April 4, 2013

**FOR APPELLANT**

Timothy Pettway, Pro Se
Inmate #550-655
Toledo Correctional Institution
2001 E. Central Avenue
Toledo, Ohio 43608


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Mary H. McGrath
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Timothy Pettway ("Pettway") appeals pro se the trial court's imposition of court costs and assigns the following error for our review:

**The trial court erred in denying appellant's motion to remand sentencing for the limited purpose of allowing defendant to move trial court for a waiver of the payment of court cost per *State v. Joseph*, 125 Ohio St.3d 76.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶3} In May 2008, Pettway was convicted of murder and one-and-three-year firearm specifications. The trial court sentenced him to 18-years to life in prison. Pettway filed a direct appeal of his conviction; this court affirmed his conviction in *State v. Pettway*, 8th Dist. No. 91716, 2009-Ohio-4544. Thereafter, Pettway filed various pro se motions in the trial court, including his November 14, 2011 "Motion to Remand Sentencing for the Limited Purpose of Allowing Defendant to Move Trial Court for a Waiver of the Payment of Court Costs per *State v. Joseph,* 125 Ohio St.3d 76, 926 N.E.2d 278." Pettway argued that the trial court imposed court costs in the journal entry, but failed to impose the costs at the sentencing hearing. The trial court denied the motion on July 30, 2012.

### Res Judicata

{¶4} In his sole assigned error, Pettway argues the trial court erred by denying his motion requesting that the trial court remand the matter for resentencing so that he could request the court to waive court costs. In support of his argument, he relies on the

Ohio Supreme Court's decision in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

{¶5} In *Joseph*, the Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs at the sentencing hearing. *Id.* at ¶ 22. *Joseph*, however, was decided in the context of a direct appeal from the sentencing judgment imposing court costs. As we have previously held, *Joseph* does not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires. *State v. Appleton*, 8th Dist. No. 97942, 2012-Ohio-2778; *State v. Walker*, 8th Dist. No. 96305, 2011-Ohio-5270. The appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry; a defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding. *Id.*

{¶6} In this case, Pettway could have raised the issue of court costs in his 2008 direct appeal to this court. He has not shown that he was precluded from raising the issue at that time based on information contained in the original record. Having failed to do so, Pettway is now barred from raising the issue in a motion after his direct appeal. Accordingly, Pettway's sole assigned error is overruled.

{¶7} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON,   JUDGE

MELODY J. STEWART, A.J., and
MARY EILEEN KILBANE, J., CONCUR