[Cite as *State v. Priest*, 2014-Ohio-1735.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100614**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MYRON PRIEST

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-481596

**BEFORE:** Keough, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**APPELLANT**

Myron Priest, pro se
Inmate No. 520-029
2075 South Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

**{¶1}** This appeal was heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *State v. Johnson*, 8th Dist. Cuyahoga No. 98594, 2013-Ohio-1788, ¶ 1, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

**{¶2}** Defendant-appellant Myron Priest appeals pro se from the trial court's judgment denying his motion to vacate court costs and/or for resentencing. We affirm.

**{¶3}** In October 2006, Priest was convicted of rape, kidnapping, felonious assault, aggravated robbery, and having a weapon while under a disability. The trial court sentenced him to 33 years in prison and determined that he is a sexual predator. The trial court's sentencing entry ordered that "[d]efendant is to pay court costs."

**{¶4}** Priest filed a direct appeal of his conviction and sentence; this court reversed Priest's conviction for having a weapon while under a disability but affirmed in all other respects. *State v. Priest*, 8th Dist. Cuyahoga No. 89178, 2007-Ohio-5958.

**{¶5}** In July 2011, Priest filed a pro se motion in which he asked the trial court to order a monthly installment plan for the payment of court costs. In his brief in support of his motion, Priest stated that "defendant acknowledges his obligations to pay these court costs and wishes to do so within his personal means," and requested that the court order a monthly payment of $5 from the $19 per month he earns at his prison job so he could use the balance for other necessities. The trial court granted Priest's motion.

**{¶6}** Nevertheless, in September 2012, Priest filed a motion to vacate court costs and/or for resentencing. In his motion, Priest argued that the trial court erred in imposing court costs because it did not advise him in open court at sentencing that it would be imposing costs. The trial court subsequently denied Priest's motion, and this appeal followed.

**{¶7}** In his single assignment of error, Priest argues that the trial court erred in denying his motion because the court's failure to advise him of costs at sentencing deprived him of the opportunity to claim indigency and seek a waiver of court costs, in violation of his due process rights. He argues that this court should resentence him and waive those costs. In support of his argument, Priest relies on the decision of the Ohio Supreme Court in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

**{¶8}** Priest's argument, however, is barred by the doctrine of res judicata. As this court stated in *State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, ¶ 5:

> In *Joseph*, the Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs at the sentencing hearing. *Joseph*, however, was decided in the context of a direct appeal from the sentencing judgment imposing court costs. As we have previously held, *Joseph* does not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires. *State v. Appleton*, 8th Dist. Cuyahoga No. 97942, 2012-Ohio-2778; *State v. Walker*, 8th Dist. Cuyahoga No. 96305, 2011-Ohio-5270. The appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry; a defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding.

**{¶9}** Priest could have raised the issue of court costs in his 2007 direct appeal to this court, and has made no showing that he was precluded from raising the issue at that time based on information in the original record. Accordingly, he is now barred from raising the issue in a motion after his direct appeal.

**{¶10}** Priest contends that his motion is not barred by res judicata, however, because void sentences are not precluded from review on direct appeal or subsequent collateral attack. He contends that just as a trial court's failure to impose postrelease control renders a sentence void, so too does a trial court's failure to advise a defendant in open court of court costs. Priest's argument fails. As the Ohio Supreme Court explained in *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 11:

> In *Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, we held that an offender's sentence is not void when a trial court fails to inform an offender in open court of court costs. *Id.* at ¶ 22. The court's waiver of payment of court costs is discretionary, although the imposition of court costs is mandatory. *Id.* at ¶ 18. Moreover, court costs are a civil, not a criminal, matter. *Id.* at ¶ 20-21. "[T]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *Id.* at ¶ 21.

**{¶11}** Because Priest's argument is barred by the doctrine of res judicata, the assignment of error is overruled.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR