[Cite as *State v. Moorer*, 2014-Ohio-4581.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101214

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CORNELIUS MOORER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-497196-A

**BEFORE:**  Boyle, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   October 16, 2014

**FOR APPELLANT**

Cornelius Moorer, pro se
Inmate No. 543-644
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Anthony T. Miranda
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

**{¶2}** Defendant-appellant, Cornelius Moorer, appeals from the trial court's denial of his motion to correct clerical error. Finding no merit to the appeal, we affirm.

<u>Procedural History and Facts</u>

**{¶3}** In January 2008, Moorer pleaded guilty to drug trafficking in violation of R.C. 2925.03(A)(1), a first-degree felony, and was subsequently sentenced to eight years in prison. In the sentencing journal entry, the trial court stated that Moorer was to pay court costs and that he was subject to five years of postrelease control.

**{¶4}** Moorer never filed a direct appeal of his conviction and sentence. Instead, six months following his sentence, Moorer filed a motion to withdraw his guilty plea, arguing that he did not knowingly change his plea. The trial court denied his motion, which this court affirmed in *State v. Moorer*, 8th Dist. Cuyahoga No. 93155, 2009-Ohio-6469 ("*Moorer I*"). This court noted that Moorer had previously raised the identical issues in his oral motion to withdraw his guilty plea at the time of sentencing but failed to directly appeal the trial court's denial of his oral motion. As a result, this court found that Moorer's claim was barred by the doctrine of res judicata. *Id.* at ¶ 17.

**{¶5}** In July 2010, Moorer filed a motion for resentencing with the trial court, challenging the trial court's imposition of postrelease control. The trial court denied the motion, and Moorer filed another appeal with this court, which was summarily dismissed

on res judicata grounds. *See State v. Moorer*, 8th Dist. Cuyahoga No. 96420 (Feb. 10, 2011).

{¶6} In June 2011, the state moved pursuant to Crim.R. 36 to correct a clerical error in the sentencing journal entry, stating that the sentencing journal entry failed to mention the sanctions for violating postrelease control despite the trial court stating them during the sentencing hearing. The trial court granted the state's motion and issued a nunc pro tunc entry to specifically state the sanctions.

{¶7} In October 2013, Moorer moved the court to issue another nunc pro tunc order, asserting that the trial court should change the sentencing journal entry to reflect a non-mandatory eight-year prison sentence. Two months later, Moorer filed another motion, titled "Supplemental Judicial Notice to the Court" in further support of his October 2013 motion. He argued that in addition to the sentencing journal entry erroneously reflecting a "mandatory" eight-year sentence, the sentencing journal entries of March 19, 2008, and the nunc pro tunc entry of June 20, 2011, erroneously imposed court costs despite the trial court having failed to address court costs on the record during the sentencing hearing.

{¶8} In February 2014, Moorer filed a petition for writ of procedendo, asking this court to compel the trial court to rule on his motion. The trial court ultimately denied Moorer's motion, stating, among other things, the following:

> Defendant was sentenced to eight years in prison on March 17, 2008, as part of a plea agreement he knowingly and voluntarily entered into. In

addition, defendant's counsel and the trial court mentioned to the defendant at his sentencing hearing that he was facing mandatory time. * * * In addition, defendant did not challenge the trial court's imposition of court costs on direct appeal and is therefore barred under the doctrine of res judicata from raising this claim approximately five years after he was sentenced. * * *

**{¶9}** From this decision, Moorer appeals, raising a single assignment of error.

<u>Res Judicata</u>

**{¶10}** In his sole assignment of error, Moorer argues that the trial court abused its discretion in denying his motions to correct a clerical error in the sentencing journal entry. Relying on the same arguments in his underlying motions, he contends that the nunc pro tunc sentencing journal entry erroneously reflects, like the earlier sentencing journal entry, that he was sentenced to an agreed mandatory sentence of eight years, as opposed to a non-mandatory eight-year sentence. He further argues that the sentencing journal entry should not have imposed court costs upon him when the trial court never addressed court costs at the sentencing hearing.

**{¶11}** The state counters that Moorer's arguments are barred by the doctrine of res judicata. We agree.

**{¶12}** Res judicata is the "'[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the

same claim, demand or cause of action.'" *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 132, 712 N.E.2d 713 (1999), quoting *Black's Law Dictionary* 1305 (6th Ed.1990). In the criminal law context, the Ohio Supreme Court has recognized that the doctrine of res judicata bars claims that were raised or could have been raised on direct appeal. *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, 894 N.E.2d 1221, ¶ 6.

**{¶13}** Aside from the fact that Moorer's argument has no merit, Moorer's attack of his sentencing journal entry should have been raised in a direct appeal, which he failed to file. Under the doctrine of res judicata, Moorer's claim is barred. Further, in Moorer's appeal of his denial of his Crim.R. 32.1 motion to withdraw his plea, this court has already noted that "[a]s part of the plea agreement, the trial court, the state, and Moorer had agreed upon an eight-year prison sentence, and five years of mandatory post-release control." *Moorer I* at ¶ 4. Moorer's argument, therefore, has already been rejected by this court.

**{¶14}** We likewise find that Moorer's challenge to the imposition of court costs is barred by the doctrine of res judicata. As this court has previously explained,

> In [*State v.*] *Joseph*, [125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278], the Supreme Court held that it was reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs at the sentencing hearing. *Id.* at ¶ 22. *Joseph*, however, was decided in the context of a direct appeal from the sentencing judgment imposing court costs. As we have previously held, Joseph does

not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires. *State v. Appleton*, 8th Dist. No. 97942, 2012-Ohio-2778; *State v. Walker*, 8th Dist. No. 96305, 2011- Ohio-5270. The appropriate forum for challenging court costs is by way of direct appeal from the sentencing entry; a defendant is barred under the doctrine of res judicata from raising the issue in a subsequent motion or proceeding. *Id.*

*State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, ¶ 5; *see also State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 8.

**{¶15}** Moorer could have raised the issue of court costs in a direct appeal. He failed to do so and, therefore, his claim is barred under the doctrine of res judicata.

**{¶16}** Moorer's single assignment of error is overruled.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR