[Cite as *State v. Cason*, 2014-Ohio-5676.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 13 JE 37 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| CARL J. CASON, Jr., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case Nos. 13 CR 140 and
13 CR 141

JUDGMENT:     Sentence Affirmed in Part;
Reversed and Remanded In Part
for Determination of Costs.

APPEARANCES:
For Plaintiff-Appellee:     Attorney Jane Hanlin
Prosecuting Attorney
Attorney Frank J. Bruzzese
Assistant Prosecuting Attorney
16001 State Route 7
Steubenville, OH  43952

For Defendant-Appellant:     Attorney Timothy Young
Office of the Ohio Public Defender
Attorney Valerie Kunze
Assistant State Public Defender
250 E. Broad Street, Suite 1400
Columbus, OH  43215

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: December 18, 2014

DeGenaro, P.J.

{¶1} Defendant-Appellant, Carl Cason, Jr. appeals the October 10, 2013 judgment of the Jefferson County Court of Common Pleas asserting the trial court erred when it failed to address court costs in open court but imposed them in the sentencing entry. Because Cason's argument is meritorious, the trial court's judgment is reversed and the matter remanded for the trial court to conduct a limited resentencing hearing to address the issue of court costs.

{¶2} In his sole assignment of error, Cason asserts:

{¶3} "The trial court erred when it failed to address the imposition of court costs in open court, but included such costs in the sentencing entry. R.C. 2949.092."

{¶4} The trial court found Cason was indigent. Despite that finding, Cason asserts the trial court stated at the sentencing hearing that it would not impose restitution and fines, but then imposed court costs in the sentencing entry, which was not addressed in open court. The State concedes the error and the validity of this argument based upon a series of Ohio cases.

{¶5} In *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393 the Court held that R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, and to do so even if the defendant is indigent. *Id.* at ¶8. "A trial court may waive the payment of court costs only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶11. However, "a court errs in imposing court costs without so informing a defendant in court, but that the error does not void the defendant's entire sentence. Instead, upon remand, the trial court must address the defendant's motion for waiver of payment of court costs." *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶1.

{¶6} As the trial court did not address court costs at the sentencing hearing and deprived Cason with the opportunity to move for a waiver, Cason's assignment of error is meritorious.

{**¶7**}  Accordingly, the judgment of the trial court regarding court costs is reversed, and the matter is remanded for the trial court to conduct a limited resentencing hearing on the issue of court costs and potential waiver of same.

Donofrio, J., concurs.

Vukovich, J., concurs.