[Cite as *State v. Hunter*, 2015-Ohio-4180.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102245**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# STEVAN HUNTER

DEFENDANT-APPELLEE

### JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART
## AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-568061-B

**BEFORE:** Stewart, J., Kilbane, P.J., Laster Mays, J.

**RELEASED AND JOURNALIZED:** October 8, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

Mary McGrath
Eric L. Foster
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender

Sarah E. Gatti
Assistant Public Defender
310 West Lakeside Avenue, Suite 200
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} R.C. 2947.23(C) gives the court jurisdiction "to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." The issue in this appeal is whether a defendant who was sentenced before the effective date of R.C. 2947.23(C) and who did not seek a waiver of court costs at the time of sentencing, can subsequently use the statute as a means of invoking the court's jurisdiction to seek a waiver of those costs. We hold that the specific language of R.C. 2947.23(C) stating that a court has jurisdiction to waive costs at "any time" after sentencing is prospective in application and is not a retroactive application that would bar defendants who failed to seek a waiver of court costs at the time of sentencing.

{¶2} In February 2013, defendant-appellee Stevan Hunter pleaded guilty to one count of drug trafficking. At sentencing, the court imposed a two-year community control sanction but said nothing about Hunter's obligation to pay court costs. The court's sentencing entry, however, ordered Hunter to pay "an amount equal to the costs of this prosecution."

{¶3} Hunter twice violated the terms of community control: the first violation occurred in August 2013 and resulted in a continuation of community control; the second violation occurred in December 2013 and resulted in the court ordering Hunter to serve a three-year prison term. The court waived the costs of the first community control

violation proceeding, but ordered Hunter to pay the costs of the second community control violation hearing.

{¶4} In October 2014, Hunter filed a generic motion to "vacate/waive" the costs in his case. He appended an affidavit of indigency to that motion. The motion made no specific reference to which costs Hunter sought to "vacate/waive," but the court presumably interpreted the motion as referring to not only the costs of the second community control violation hearing, but the costs of the proceedings leading to his conviction. The court granted the motion and waived court costs over the state's opposition. The state of Ohio appeals from that order.

{¶5} The state's first assignment of error is that the court erred as a matter of law by granting Hunter's motion to waive court costs. Importantly, the state does not maintain that the court abused its discretion by waiving Hunter's court costs. Rather, its opposition to granting Hunter's motion consists of two parts: first, that Hunter failed to seek a waiver of court costs at the time of sentencing, so the imposition of court costs was res judicata; second, to the extent Hunter relied on R.C. 2947.23(C) as giving the court jurisdiction to modify the court costs, reliance on the statute was misplaced because the statute was not enacted until the day after the court imposed Hunter's costs and the statute's use would entail a forbidden, retroactive application of the statute.

{¶6} The state's res judicata argument made below was based on two cases: *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, and *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589. Paragraph two of the syllabus to

*Threatt* states: "A motion by an indigent criminal defendant for waiver of payment of costs must be made at the time of sentencing"; paragraph three of the syllabus to *Clevenger* states: "A trial court may waive the payment of court costs previously imposed on a criminal defendant only upon statutory authority and only if the defendant moves for waiver of costs at the time of sentencing." The state argued that these cases collectively held that Hunter was barred from arguing, subsequent to the imposition of costs, that costs should have been waived because he did not raise the issue at the time of sentencing.

{¶7} The state has withdrawn its res judicata argument and says that we should remand for a proper advisement in light of its concession that the court failed to inform Hunter of his obligation to pay court costs at the time of sentencing. The state believes that its concession is dictated by *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, where the Ohio Supreme Court held that a court's failure to advise a defendant of court costs at the time of sentencing is error because it violates Crim.R. 43(A), which states that a defendant must be present at all stages of trial, including sentencing. *Id*. at ¶ 22. We have confirmed that the court's sentencing entry stated that "the Court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution[,]" but the court did not impose court costs at the time it originally sentenced Hunter following his guilty plea.

{¶8} Despite the state's concession, a remand so that the court could properly advise Hunter of his obligation to pay court costs is nonetheless barred as res judicata. In

*State v. Pettiway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, we held that principles of res judicata bar the assertion of a claim regarding court costs by a defendant who filed a direct appeal but failed to raise the issue of court costs in that direct appeal. *Id.* at ¶ 5. Although Hunter did not file a direct appeal from his conviction, claims are considered res judicata not only if they were raised in a prior proceeding, but if they could have been raised in a prior proceeding. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Hunter could have raised the issue of court costs on direct appeal, *State v. Appleton*, 8th Dist. Cuyahoga No. 97942, 2012-Ohio-2778, ¶ 9, so principles of res judicata would bar Hunter from raising the issue of the court's failure to properly advise him of his obligation to pay court costs. *Threatt* at ¶ 23 (if an indigent defendant requests a waiver of mandatory court costs at the time of sentencing, "the issue is preserved for appeal"; otherwise, "the issue is waived and costs are res judicata.").[1]

{¶9} With res judicata barring Hunter from asserting error at the sentencing stage of his trial, we consider the state's second argument made in opposition to granting Hunter's motion to vacate court costs — that the court had no jurisdiction to waive the imposition of costs after they became final.

---

[1] It is important to understand that the court's error in failing to inform Hunter about court costs did not render those costs void, but merely voidable. *Joseph*, 125 Ohio St.3d at 22, 2010-Ohio-954, 926 N.E.2d 278. So despite the state's concession that the court failed to inform Hunter about the payment of court costs at the time of sentencing, it boots Hunter nothing because he did not file a direct appeal. However, Hunter's failure to file a direct appeal does not affect his ability to seek a waiver of costs under R.C. 2947.23(C).

{¶10} Absent express authority, a court cannot, after entry of a final judgment of conviction, entertain a motion that challenges a court action as being merely voidable, rather than void. *State v. Hollomon*, 10th Dist. Franklin No. 07AP-875, 2008-Ohio-2650, ¶ 11. Hunter relied on R.C. 2947.23(C) as providing the court jurisdiction to vacate/waive court costs after sentence had been imposed.

{¶11} The state argues that the current version of R.C. 2947.23(C) granting the court jurisdiction to consider a motion to waive costs did not become effective until March 22, 2013, and that the court sentenced Hunter on March 21, 2013 — one day before the effective date of the statute. It argues that with *Clevenger,* 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, barring a court from waiving court costs at any time after sentencing, the trial court could not have waived Hunter's court costs unless it retroactively applied R.C. 2947.23(C).

{¶12} We believe the state's argument misapprehends what constitutes a "retroactive" application of R.C. 2947.23(C). It is true that absent express language indicting retroactivity, a statute is presumed to be prospective in its application. *See* R.C. 1.48; *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 105, 522 N.E.2d 489 (1988). But retroactivity is premised on the idea that a law reaches back in time to upset settled legal expectations. By its own terms, R.C. 2947.23(C) states that a court retains jurisdiction to waive, suspend, or modify court costs "at the time of sentencing or at any time thereafter." No settled legal expectations are affected by the amended statute — it expressly states, consistent with prior precedent, that the court may waive court costs at

the time of sentencing, but the statute goes on to expand the time frame in which a court may waive, suspend, or modify costs to "any time thereafter." In other words, the plain wording of R.C. 2947.23(C) no longer places limits on when a defendant can seek a waiver, suspension, or modification of court costs. There is no dispute that Hunter sought a waiver of court costs after the effective date of the modifications to R.C. 2947.23(C), so there was no retroactive application of the statute.

{¶13} Our interpretation of R.C. 2947.23(C) is consistent with *State v. Raymond*, 8th Dist. Cuyahoga No. 99177, 2013-Ohio-3144, in which we applied R.C. 2947.23 to an offender who had been sentenced prior to the effective date of the statute. During sentencing, Raymond asked the court to waive the imposition of court costs, but the court refused. On direct appeal from that sentencing, the panel found that Raymond failed to offer any evidence in support of his claimed indigence, so the court did not abuse its discretion by refusing to waive costs. *Id.* at ¶ 13. Raymond also argued that the court failed to inform him, consistent with former R.C. 2947.23(A)(1)(a), that his failure to pay court costs could result in his having to perform community service. The panel agreed that the court did not so advise Raymond, but held that the amended version of R.C. 2947.23 no longer contained the notice requirement. We held:

> Accordingly, we find the trial court erred in failing to provide the notifications required at the time of sentencing. Because the law no longer requires defendants who are sentenced to prison to be so advised and R.C. 2947.23(C) permits the court to modify the payment of costs, upon remand, the trial court shall modify its judgment to eliminate any requirement that appellant can be mandated to perform community service should he fail to pay court costs. Appellant's second assignment of error is sustained in this regard.

*Id*. at ¶ 16.

{¶14}    The state cites *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, as authority from this court for the proposition that R.C. 2947.23(C) cannot be applied retroactively.   The panel found Walker had been sentenced before the effective date of R.C. 2947.23(C), so "revised R.C. 2947.23(C) does not apply."   *Id*. at ¶ 9.   However, the *Walker* statement regarding the retroactivity of R.C. 2947.23(C) was dicta because the panel actually concluded that Walker had been aware at the time he filed his first appeal that the court imposed costs, but his failure to raise the issue rendered it res judicata.   *Id*. at ¶ 8.   Its discussion of R.C. 2947.23(C) was an alternative holding and thus not an authoritative statement of the law.   *Heisler v. Mallard Mechanical Co.*, *LLC*, 10th Dist. Franklin No. 09AP-1143, 2010-Ohio-5549, ¶ 13.[2]   The first assignment of error is overruled.

{¶15} The state presents a second assignment of error that is uncontested — that the court lacked the authority to waive Hunter's fines because they were mandatory fines and Hunter did not file an affidavit of indigency prior to sentencing as required by R.C.

---

[2] In two cases, the Second District Court of Appeals has suggested that the 2013 amendment to R.C. 2947.23(C) granting a trial court jurisdiction to waive, suspend, or modify the payment of court costs at "any time" can be applied "retroactively," even if the defendant does not raise the issue of court costs in a direct appeal.   *See State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842; *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731. Despite agreeing in principle with this sentiment, we acknowledge that the Second District's statements were dicta because, as in *Walker*, the actual holdings were that the defendants' respective motions to waive court costs were res judicata based on the facts of each case.

2929.18(B)(1).  Hunter concedes the error and we agree that the court erred by waiving the fines.  *See State v. T.M.*, 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶ 7.  We therefore sustain this assignment of error.

{¶16} Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR