[Cite as *State v. Highsmith*, 2017-Ohio-7101.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1185

      Appellee                                    Trial Court No. CR0201601240

v.

Darian Highsmith                               **DECISION AND JUDGMENT**

      Appellant                                  Decided:  August 4, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and Brenda J. Majdalani,
Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an August 1, 2016 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a total term of incarceration of 15 years

following appellant's convictions pursuant to a negotiated plea agreement to two

amended counts of robbery, in violation of R.C. 2911.02(A)(2)(b), both felonies of the second degree, in addition to a mandatory one-year firearm specification, in violation of R.C. 2941.141(A). For the reasons set forth below, this court affirms the judgment, in part, and reverses it, in part.

{¶ 2} Appellant, Darian Highsmith, sets forth the following two assignments of error:

THE TRIAL COURT DID NOT COMPLY WITH R.C. 2929.11 IN SENTENCING APPELLANT TO 15 YEARS IN THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS THEREFORE APPELLANT'S SENTENCE IS CONTRARY TO LAW.

THE TRIAL COURT COMMITTED ERROR TO THE PREJUDICE OF APPELLANT BY IMPOSING THE COST OF PROSECUTION WITHOUT CONSIDERATION OF APPELLANT'S PRESENT OR FUTURE ABILITY TO PAY.

{¶ 3} The following undisputed facts are relevant to this appeal. On November 8, 2015, appellant robbed the Vito's Pizza located on Detroit Ave. in Toledo utilizing a black 9 mm weapon. On January 15, 2016, appellant robbed the In and Out Mart located on Berdan Ave. in Toledo utilizing a baseball bat.

{¶ 4} The record reflects appellant possesses an extensive and serious criminal history spanning several decades. The record further reflects that appellant received

2.

multiple generous plea agreements, multiple court provided services, and multiple opportunities to change the course of his life over the years but did not do so.

{¶ 5} On February 9, 2016, appellant was indicted on two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), felonies of the first degree, with one count accompanied by a mandatory firearm specification.

{¶ 6} On February 25, 2016, appellant failed to appear for arraignment. A capias with bond set at $250,000, no 10 percent, was issued. Appellant was subsequently taken into custody and appointed legal counsel.

{¶ 7} On June 6, 2016, pursuant to a negotiated plea agreement, appellant pled guilty to two lesser, amended offenses of robbery, in violation of R.C. 2911.02(A)(2), with one count including a mandatory firearm specification. Appellant was referred for a presentence investigation and report.

{¶ 8} On August 1, 2016, appellant was sentenced to two consecutive terms of incarceration of seven years on the robbery convictions, along with the one-year mandatory term on the firearm specification, for a total term of incarceration of 15 years. On August 17, 2016, a timely notice of appeal was filed.

{¶ 9} In the first assignment of error, appellant maintains that the trial court erred in sentencing appellant by failing to comply with the R.C. 2929.11 principles and purposes of sentencing. We do not concur.

{¶ 10} As set forth by this court in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, appellate court felony sentencing review in the state of Ohio

3.

is governed by R.C. 2953.08(G)(2). As such, an appellate court may increase, reduce, modify, or vacate and remand, a disputed felony sentence if it clearly and convincingly finds that either the sentence is based upon relevant statutory findings not supported by the record or is otherwise contrary to law.

{¶ 11} Notably, as applied to the instant case, appellant concedes that the terms of incarceration of the disputed sentence are lawfully within the permissible statutory ranges. Further, appellant makes no claim, nor does the record reflect, that the disputed sentence included relevant statutory findings not supported by the record.

{¶ 12} Appellant's first assignment of error alleges that appellant's sentence was unlawful based upon a claimed breach of the R.C. 2929.11 purposes and principles of sentencing.

{¶ 13} Specifically, appellant claims that this court should construe the underlying felony sentence as unlawfully disproportionate because appellant received lesser terms of incarceration in appellant's own separate second-degree felony robbery convictions and sentences in separate cases that were heard by a separate trial court.

{¶ 14} Significantly, appellant simultaneously concedes, "[C]ourts are not required to sentence uniformly with one another in similarly charged cases." Appellant nevertheless suggests, without persuasive or controlling legal authority, that because appellant himself was the defendant in these separate cases, all other trial courts are constrained as a matter of law in sentencing appellant on separate second degree robbery convictions arising from separate offenses of the same type and degree such that a

4.

sentence of the same term of incarceration is the only permissible sentence that can be imposed. Appellant presents no persuasive or controlling legal authority in support of this position.

{¶ 15} Stated differently, appellant maintains that because he was sentenced to four-year terms of incarceration in separate second degree felony robbery convictions, the imposition of the seven-year terms of incarceration in the instant case is thereby rendered unlawful. We do not concur.

{¶ 16} Appellant's position is counter to the governing principle, as conceded by appellant, that there is no mandate that trial courts uniformly sentence with one another in similarly charged separate cases.

{¶ 17} We find that appellant has failed to clearly and convincingly demonstrate that the disputed felony sentence in the instant case is either based upon relevant statutory findings unsupported by the record or otherwise contrary to law. We further find that appellant has failed to demonstrate that the disputed felony sentence is contrary to R.C. 2929.11. We find appellant's first assignment of error not well-taken.

{¶ 18} In appellant's second assignment of error, appellant contends that the trial court erred in sentencing in connection to the imposition of attorney's fees, costs of confinement, and the cost of supervision without notifying appellant. We concur.

{¶ 19} In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 22-24, the Ohio Supreme Court held that the failure to orally notify the defendant that it was imposing costs denied the defendant the ability to seek a waiver. The court further

5.

held that the remedy required in such cases is a limited remand to the trial court for purposes of enabling the defendant to motion the court for a waiver of the payment of costs.

{¶ 20} We have carefully reviewed the sentencing transcript in this matter. It reflects that appellant engaged, at times, in a highly disruptive and insolent manner during the proceedings. For example, at one point, appellant exclaimed, "I got like something 20 something years for this shit. What, man? Grab me and I'm going to have a problem with you. I'm telling you. So don't grab me * * * [I]t's going to be a mother fucking problem."

{¶ 21} The record further reflects that during the course of the commotion, the trial court failed to orally notify the defendant regarding the imposition of costs. Therefore, appellant was unable to seek a cost waiver. As such, this case must be remanded to the trial court. Wherefore, we find appellant's second assignment of error to be well-taken.

{¶ 22} Based upon the foregoing, we hereby affirm the sentencing judgment of the trial court, in part, and reverse it, in part. This matter is hereby remanded to the trial court solely for purposes of appellant being orally notified by the trial court of the matter of costs and permitting appellant the opportunity to move the court for a waiver of costs. Appellant and appellee and each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part
and reversed, in part.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                             _____
                                                          JUDGE

James D. Jensen, P.J.


Christine E. Mayle, J.                           _____
CONCUR.                                                        JUDGE


                                                           _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.