[Cite as *State v. inzy*, 2018-Ohio-3179.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CAREES L. LINZY | : | Case No. 18CA46 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Court of Common
                                   Pleas, Case No. 12-CR-037

JUDGMENT:                          Affirmed

DATE OF JUDGMENT:                  August 8, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               CAREES L. LINZY, Pro Se
Richland County Prosecutor                Inmate No. A623-469
By: JOSEPH C. SNYDER                      Lorain Correctional Institution
Assistant Prosecuting Attorney            2075 South Avon-Belden Road
38 South Park Street                      Grafton, OH  44044
Mansfield, OH  44902

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Carees L. Linzy appeals the June 5, 2018 judgment of the Court of Common Pleas of Richland County, Ohio overruling appellant's motion to vacate payment of court costs and fines. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In early 2012, appellant was charged with two count of murder, each with a firearm specification, having a weapon while under disability, carrying a concealed weapon, tampering with evidence and possession of criminal tools.

{¶ 3}   A jury convicted appellant on all six counts and specifications. The trial court sentenced appellant on March 26, 2012, and a subsequent Sentencing Judgment Entry was filed on March 29, 2012. Following the Sentencing Entry filed on March 29, 2012, an amended Sentencing Entry was filed on April 10, 2012 after the court discovered that it had neglected to include appellant's sentence on count six of the indictment (criminal tools) in the previous sentencing entry. Appellant was sentenced to an aggregate total of 21 years to life with five years post-release control.

{¶ 4}   Appellant filed a direct appeal raising six assignments of error. *State v. Linzy*, 5th Dist. Richland No. 2012-CA-33, 2013-Ohio-1129. We overruled each assignment of error and affirmed appellant's convictions and sentence.

{¶ 5} By Judgment Entry filed September 16, 2013, we granted in part Linzy's Application for Reopening pursuant to App.R. 26(B). In that matter we vacated appellant's sentences for two counts of murder and remanded the matter to the trial court for a de novo sentencing. Appellant's resentencing took place on June 5, 2014. Appellant did not appeal his resentencing.

{¶ 6} Since that time, appellant has filed several motions in the trial court regarding his court costs. The most recent was filed on May 21, 2018 wherein appellant requested the trial court vacate court costs and fines. The trial court issued a judgment entry on June 5, 2018 denying the motion.

{¶ 7} Appellant now brings this appeal, raising one assignment of error:

I

{¶ 8} "THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO VACATE COURT COSTS AND FINES WHEN IT IMPOSED COURT COSTS, FINES AND COST OF THE PROSECUTION OUTSIDE HIS PRESENCE."

{¶ 9} Preliminarily, we note this case is before this court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶ 10} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶ 11} This appeal shall be considered in accordance with the aforementioned rules.

{¶ 12} Appellant argues court costs in this matter were improperly imposed. Specifically, appellant argues that while his sentencing judgment entry orders him to pay

court costs, he was not orally informed of this obligation at the time of sentencing. He argues that a remand to the trial court is therefore required so that he may seek waiver of court costs.

{¶ 13} In support of his argument, appellant cites *State v. Joseph* 125 Ohio St.3d 76, 2010-Ohio-954 926 N.E.2d 278. In that matter, the Ohio Supreme Court found a trial court errs when it imposes court costs in the sentencing judgment entry after it fails to impose those costs in open court at the sentencing hearing.

{¶ 14} The Court further found that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010-Ohio-954, 926 N.E.2d 278, 282, ¶ 21. "Therefore, the failure of the court to notify a defendant of the obligation to pay costs so that he may move for a waiver of costs may be error cognizable on direct appeal, but it does not render the sentence void." *State v. Chapman*, 5th Dist. Richland No. 15CA20, 2015-Ohio-3114 at ¶ 11 citing *Joseph* at 21.

{¶ 15} *Joseph* was decided in the context of a direct appeal from the sentencing judgment imposing court costs. "*Joseph* does not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires." *State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, ¶ 5.

{¶ 16} Appellant could have raised the issue of court costs in his 2012 direct appeal to this court and failed to do so. Accordingly, appellant's argument is barred by the doctrine of res judicata.

{¶ 17} The assignment of error is overruled.

{¶ 18} The judgement of the Richland County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw801