[Cite as *State v. Lee*, 2019-Ohio-4548.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 0050 |
| TERRY L. LEE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2014 CR 0711


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          November 1, 2019


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellant

GARY BISHOP                             TERRY L. LEE
PROSECUTING ATTORNEY                    PRO SE
JOSEPH C. SNYDER                        WARREN CORR. INSTITUTION
ASSISTANT PROSECUTOR                    P. O. Box 120
38 South Park Street                    Lebanon, Ohio  45038
Mansfield, Ohio  44902

*Wise, John, J.*

**{¶1}** Defendant-Appellant Terry L. Lee appeals the May 2, 2019, decision of the Richland County Court of Common Pleas denying his motion with regard to the imposition of court costs.

**{¶2}** Appellee is the state of Ohio.

**{¶3}** Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶4}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶5}** This appeal shall be considered in accordance with the aforementioned rules.

*Facts and Procedural History*

**{¶6}** For purposes of this appeal, the facts and procedural history are as follows:

**{¶7}** On November 6, 2014, a Richland County Grand Jury indicted Appellant on one count of Murder, an unclassified felony pursuant to R.C. §2903.02(A), and one count of Aggravated Murder, an unclassified felony pursuant to R.C. §2903.01(A). Both counts included firearm specifications pursuant to R.C. §2941.145.

**{¶8}**  On May 7, 2015, Lee's trial counsel filed a "Motion in Limine" requesting the court bar the state from referencing Lee's aliases or discussing his prior convictions.  On May 14, 2015, the trial court granted the motion.

**{¶9}**  Following a jury trial, Appellant was found guilty of Murder and the accompanying firearm specification and not guilty of Aggravated Murder.

**{¶10}** On May 29, 2015, the trial court sentenced Appellant to a mandatory term of fifteen (15) years to life for Murder and a mandatory term of three (3) years on the firearm specification, with those terms to run consecutively for a total mandatory term of eighteen (18) years to life.

**{¶11}** Appellant appealed his conviction in *State v. Lee*, Fifth Dist. Richland App. No. 15-CA-52, 2016-Ohio-1045, wherein this Court upheld Appellant's conviction.

**{¶12}** On March 8, 2019, Appellant filed a motion titled "Common Law Petition Or Void/Voidable Court Costs" with the trial court.

**{¶13}** On May 2, 2019, the trial court denied Appellant's motion.

**{¶14}** Appellant now appeals, assigning the following error for review:

ASSIGNMENT OF ERROR

**{¶15}** "I. THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST PETITIONER WHEN IT DID NOT IMPOSE THOSE COSTS IN OPEN COURT AND WITHOUT COMPLYING WITH R.C. 2947.23(A), AND ORDERING PETITIONER TO PAY RESTITUTION WITHOUT CONSIDERING PETITIONER'S PRESENT AND FUTURE ABILITY TO PAY AS REQUIRED UNDER R.C. 2929.15(B)(5)."

*App.R. 16*

**{¶16}** Initially, we note that Appellant's *pro se* brief does not comply with the rules for a proper brief as set forth in App.R. 16(A). Appellant's *pro se* brief in support of his appeal fails in almost every respect to comply with the requirements governing the content of the brief of the Appellant. App.R.16 (A)(1)-(6). Briefs filed in this Court, whether by counsel or *pro se*, must comply with App.R. 16.

**{¶17}** Appellant's brief does not include a table of cases, statutes, and/or other authority, in violation of App.R. 16(A)(1) and (2). Appellant's brief does not include a statement of the issues presented for review, as required by App.R. 16(A)(4), or a brief statement of the facts of the case, as mandated by App.R. 16(A)(5).

**{¶18}** Pursuant to App.R. 12(A)(2), we are not required to address issues which are not argued separately as assignments of error, as required by App.R. 16(A). *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (1996); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988). Such deficiencies permit this Court to dismiss Appellant's appeal.

**{¶19}** Notwithstanding the omissions in Appellant's brief, in the interest of justice and finality we elect to review what we believe are the issues raised in Appellant's appeal.

I.

**{¶20}** In his sole assignment of error, Appellant argues that the trial court erred in imposing court costs when he was sentenced in 2015.

**{¶21}** Specifically, Appellant argues that while his sentencing judgment entry orders him to pay court costs, he was not orally informed of this obligation at the time of sentencing.

**{¶22}** In support of his argument, Appellant cites *State v. Joseph* 125 Ohio St.3d 76, 2010-Ohio-954 926 N.E.2d 278.

**{¶23}** This Court has previously considered this issue in the context of *Joseph*, *supra* and held:

> In that matter, the Ohio Supreme Court found a trial court errs when it imposes court costs in the sentencing judgment entry after it fails to impose those costs in open court at the sentencing hearing.

> The Court further found that "[t]he civil nature of the imposition of court costs does not create the taint on the criminal sentence that the failure to inform a defendant of postrelease control does." *State v. Joseph*, 125 Ohio St.3d 76, 79, 2010-Ohio-954, 926 N.E.2d 278, 282, ¶ 21.

> "Therefore, the failure of the court to notify a defendant of the obligation to pay costs so that he may move for a waiver of costs may be error cognizable on direct appeal, but it does not render the sentence void." *State v. Chapman*, 5th Dist. Richland No. 15CA20, 2015-Ohio-3114 at ¶ 11 citing *Joseph* at 21.

> *Joseph* was decided in the context of a direct appeal from the sentencing judgment imposing court costs. "*Joseph* does not support the argument that a trial court's failure to orally notify a defendant in open court before imposing court costs can be corrected after the appeal period expires." *State v. Pettway*, 8th Dist. Cuyahoga No. 98836, 2013-Ohio-1348, ¶ 5.

**{¶24}** *State v. Linzy*, 5th Dist. Richland No. 18CA46, 2018-Ohio-3179.

**{¶25}** Here, Appellant could have raised the issue of court costs in his 2016 direct appeal to this Court and failed to do so. Accordingly, Appellant's argument is barred by the doctrine of *res judicata*.

**{¶26}** Appellant's sole assignment of error is overruled.

**{¶27}** For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.


.

JWW/d 1023