[Cite as *State v. Aziz*, 2026-Ohio-353.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 115209 |
| v. | : | |
| MALIK AZIZ, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 5, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691693-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, Francis Cavallo, Jason Haller, and Sarah Honig Khouri, Assistant Public Defenders, *for appellee.*

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Plaintiff-appellant the State of Ohio appeals from the trial court's May 30, 2025 judgment granting defendant-appellee Malik Aziz's motion to compel

discovery relating to the crimes charged in *State v. Covell*, CR-25-699818-A.  This is an interlocutory appeal and is on this court's accelerated docket pursuant to  App.R. 11.1 and Loc. App.R. 11.1.  The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion.  *State v. Priest*, 2014-Ohio-1735, ¶ 1 (8th Dist.).

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment and remand with instructions.

**Factual and Procedural History**

{¶ 3} On April 30, 2024, Aziz was arrested during a traffic encounter with the East Cleveland police.  On May 7, 2024, Aziz was charged with various vehicular offenses and other offenses, including attempted murder and felonious assault.  The defense filed a request for discovery from the State in May 2024, and a supplemental request in February 2025.

{¶ 4} One of the officers involved in the April 30, 2024 traffic encounter with Aziz was East Cleveland officer James Covell ("Covell").  Two other officers were also involved, but, according to the defense, Covell effectuated Aziz's arrest (with force), performed a search of the vehicle Aziz was driving, secured evidence from the vehicle, and transported Aziz to a hospital.  Officer Covell was wearing a body camera; the defense maintained "[h]e started it late and ended it early in violation of his department's policies."  Hearing on motion to compel tr. 50-51.

{¶ 5} On February 27, 2025, the Cuyahoga County Prosecutor's Office issued a press release stating that Covell had been indicted the day before — February 26,

2025 — "on felony charges of tampering with records and tampering with evidence among other charges for two incidents in May 2024." Defense exhibit A. The press release stated that the first incident occurred on May 9, 2024, and involved Covell attempting to conduct a traffic stop of a vehicle. The vehicle fled into the City of Cleveland, with Covell in pursuit. The driver of the vehicle eventually stopped. Covell rear-ended the vehicle, and the driver thereafter fled again.

{¶ 6} The driver was apprehended, and the Cleveland police arrived on the scene. Covell told the Cleveland police officers that the driver of the vehicle rammed into his police cruiser before fleeing; Covell repeated that version of the events to supervisors at the East Cleveland Division of Police. Covell filed a workers' compensation claim, in which he stated that the driver of the suspect vehicle accelerated in reverse, hit his police cruiser, and caused him injury. The press statement declared Covell's version of the events "false." *Id.*

{¶ 7} The second incident referenced in the press release occurred at approximately 2:00 a.m. on May 24, 2024. It related to a motor vehicle accident involving a car driven by a former East Cleveland dispatcher and an RTA bus. The dispatcher was intoxicated. Covell responded to the scene. Prior to the police for the Greater Cleveland Regional Transit Authority ("GCRTA") arriving on the scene, Covell removed an AR-15 style pistol from the dispatcher's vehicle. When the GCRTA police arrived on the scene, Covell did not inform them about the weapon he had removed from the dispatcher's vehicle. Later, the police learned about the weapon and Covell turned it over.

{¶ 8} Covell was indicted on numerous charges, including tampering with records, tampering with evidence, obstructing justice, falsification, obstructing official business, and dereliction of duty.[1]

{¶ 9} In May 2025, Aziz filed a motion to compel discovery, which the State opposed. One of the areas of discovery Aziz sought in his motion to compel was related to the crimes for which Covell was under indictment.

{¶ 10} The trial court held a hearing on Aziz's motion to compel. Aziz argued that the within case shared the similarity with the two cases that led to Covell's indictment in that they all involved motor vehicle incidents occurring around the same time. It was the defense's position that under Crim.R. 16 it was entitled to the material relating to the prosecution of Covell pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

{¶ 11} The State maintained that Covell's criminal case was "wholly unrelated" to this case and it would only be relevant if the State called Covell as a witness in this case, which it represented it did not plan to do. The State argued that the material would be unusable to the defense if Aziz called Covell as a witness because it would not be able to impeach its own witness. The State also argued that most of the incident surrounding Aziz's arrest would be testified to by the other officers who were on the scene.

---

[1] We take judicial note that Covell entered a guilty plea to two counts of obstructing official business, misdemeanors of the second degree. *See* docket, *State v. Covell*, Cuyahoga C.P. No. CR-25-699818-A; *State v. Wadlington*, 2024-Ohio-1268, ¶ 25, fn. 3 (8th Dist.) ("Although the dockets . . . are not part of our appellate record, we may take judicial notice of the docket entries.").

{¶ 12} The defense countered that if it called Covell as a witness, it would seek permission from the trial court to call him as an adverse witness. The defense further maintained that the evidence it had did not bear out that the other officers were by Covell the entire time.

{¶ 13} The trial court was "persuaded by the Defense argument" and granted its motion to compel as it related to information regarding Covell's indictment. The trial court stated at the hearing that the State argued that "most but not all matters that Officer Covell played a role in [this case] may be addressed by other officers but perhaps not." The court rationalized that "on balance it would be best that the State provide such information . . . ." Tr. 67. The court memorialized its ruling in an entry dated May 30, 2025, stating,

> Defendant's motion to compel discovery relating to crimes charged in *State v. James Covell*, CR-25-699818-A, is hereby granted. Given the central role Covell played in the investigation of this case, the court believes that defense counsel ought to have access to that information in order to more capably represent their client. The State's objection is noted. Defense counsel shall reveal that information to no one else.

{¶ 14} The State presents one assignment of error challenging the trial court's May 30, 2025 judgment.

**Law and Analysis**

{¶ 15} Crim.R. 16 governs discovery matters in a criminal proceeding. The purpose of Crim.R. 16 is, among other things, "to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants . . . ."

Crim.R. 16(A). When a defendant makes a written demand for discovery, the State is required to provide certain "items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial . . . ." Crim.R. 16(B).

{¶ 16} According to the State, the trial court's judgment allowed for discovery of information unrelated to Aziz's indictment — the court did not make any finding of relatedness or materiality in contravention of Crim.R. 16. We disagree.

{¶ 17} Although the trial court did not specifically use the words "relatedness or materiality," the plain meaning of its ruling demonstrates that it found relatedness or materiality. Specifically, the trial court noted that it may not be that all Covell did in this case could be addressed by the other officers at the scene. The defense maintained at the hearing on the motion to compel that the evidence it had did not bear out that the other officers were by Covell during the entire traffic incident. Covell is now under indictment for allegedly making a false statement regarding a traffic stop he effectuated and allegedly hiding evidence in another traffic incident in which he was involved.

{¶ 18} Given this context, the material the defense sought was related or material and the trial court did not order discovery beyond what was permissible under Crim.R. 16.

{¶ 19} Moreover, as Aziz points out, there is difference between pretrial *Brady* material and post-trial *Brady* material.  As discussed in *United States v. Price*, 566 F.3d 900 (9th Cir. 2009), the

> "materiality standard usually associated with *Brady* . . . should not be applied to pretrial discovery of exculpatory materials . . . ." [Rather,] the proper test for pretrial disclosure of exculpatory evidence should be an evaluation of whether the evidence is favorable to the defense, i.e., whether it is evidence that helps bolster the defense case or impeach the prosecutor's witnesses . . . . [I]f doubt exists, it should be resolved in favor of the defendant and full disclosure made . . . . [T]he government [should therefore] disclose all evidence relating to guilt or punishment which might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence."

*Id.* at 913, fn. 14, quoting *United States v. Acosta*, 357 F.Supp.2d 1228, 1239 (D. Nev. 2005).

{¶ 20} Under the favorability standard, the trial court here properly granted Aziz's motion to compel.  It is certainly favorable to Aziz to have information about Covell's alleged misconduct in the gathering and securing of evidence in the course of the same investigative process at issue here.

{¶ 21} The State also contends that the trial court's ruling violates the law enforcement investigatory privilege.  The law enforcement investigatory privilege relates to "law enforcement investigatory information, including confidential sources, surveillance information, and law enforcement techniques and procedures."  *J&C Marketing, L.L.C. v. McGinty*, 2015-Ohio-1310, ¶ 17.  The privilege is not absolute but is a qualified privilege that may be overcome based on a showing of a compelling need for the privileged information.  *Id.* at ¶ 17-18.  Courts

apply a balancing test to determine whether the privilege applies, weighing the legitimate public interest in the confidentiality of the information versus the needs of a litigant to obtain evidence in support of a nonfrivolous cause of action. *Id.* at ¶ 19.

{¶ 22} The Supreme Court of Ohio has held that the most appropriate method of conducting the balancing test is through an in camera review of the documents allegedly subject to the privilege. *Henneman v. Toledo*, 35 Ohio St.3d 241, 242 (1988). ("We hold that [investigatory materials] must be disclosed upon a proper discovery request if, pursuant to an in-camera inspection, the trial judge determines that the public interest in the confidentiality of such information is outweighed by the litigant's specific need for the evidence."). *See also McGinty* at ¶ 10 (noting that trial court conducted in camera inspection of documents before ordering production of investigative reports).

{¶ 23} The information Aziz seeks here is relevant and could potentially be useful and, thus, is not absolutely barred under the law-enforcement privilege. However, the trial court must first conduct an in camera inspection of the material prior to ordering it released to the defense.

{¶ 24} The trial court's judgment is affirmed. The matter is remanded to the trial court with instructions for it to conduct an in camera inspection of the subject material.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
DEENA R. CALABRESE, J., CONCUR